UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRUCE BENNETT,<br><br>  Plaintiff,<br><br>  v.<br><br>AURORA BEHAVIORAL HEALTH CARE, et al.,<br><br>  Defendants. | NO. CV 09-159-UA (AGR)<br><br>ORDER TO SHOW CAUSE |

On January 22, 2009, Plaintiff filed a request to proceed without prepayment of filing fees. Plaintiff also lodged a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983.[1]

The Court takes judicial notice of another complaint lodged by Plaintiff on December 23, 2008 in *Bennett v. California*, No. 08-8333-UA (AGR). Although there are some differences, both complaints were signed on the same date, sue mostly the same defendants, make mostly the same claims, and rely on the same allegations. On January 6, 2009, the Court issued an order to show cause in *Bennett v. California* why Plaintiff's request to proceed without prepayment of

---

[1] The complaint was received by the Clerk's office on December 31, 2008.

filing fees should not be denied based on improper venue. *Id.*, Dkt. No. 3. Plaintiff has not yet responded to the Court's order to show cause.

For the reasons discussed below, the Court orders Plaintiff to show cause in the instant case, on or before **February 19, 2009**, why this Court should not recommend denial of Plaintiff's request to proceed without prepayment of filing fees based on improper venue.

## I.

## **THE COMPLAINT**

Plaintiff names five defendants in their individual and official capacities: Aurora Behavioral Health Care ("Aurora") or the CEO of Aurora, in San Diego, California; Wyeth Pharmaceuticals, Inc. or the CEO of Wyeth, Robert Essner, in Philadelphia, Pennsylvania; Dr. Frost, a psychiatrist with Aurora; Linda Ruth Barnett, a sheriff's "informant" whose address is in Niland, California;[2] and the Imperial County Sheriff in El Centro, California.

The following is a summary of Plaintiff's allegations. In May of 2005, his physician referred him to Aurora for treatment of depression. While at Aurora, Dr. Frost treated Plaintiff with the drug Effexor. Plaintiff experienced serious side effects related to the administration of Effexor. Subsequently, apparently as a result of those side effects, Plaintiff was arrested for attempted murder and incarcerated at the county jail. Plaintiff pled guilty in the San Diego Superior Court, Imperial County, in Case No. JCF15779. While in jail, Plaintiff was given excessive drugs, "kept in cold storage," and "tortured" by putting crickets in the air vent of his jail cell in an attempt to drive him mad.

Plaintiff lists his claims on page 5 of the civil rights complaint form as wrongful conviction; "via chemical process"; violation of due process; conspiracy by Barnett and the sheriff; and cruel and unusual punishment by chemical

---

[2] Niland is located in Imperial County, California.

1  manipulation.  Elsewhere in the complaint, Plaintiff mentions other claims.

## II.
## VENUE

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (applying § 1391(b) to § 1983 claim).

With the exception of Defendant Wyeth Pharmaceuticals and/or CEO Essner, all defendants in this action reside in the Southern District of California. Most of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District.[3]

Accordingly, Plaintiff must explain why his request to proceed without prepayment of fees in this district should not be denied. *See Costlow*, 790 F.2d at 1488 ("the district court ha[s] the authority to raise the issue of defective venue on its own motion"); *Alexandria v. United States*, 2007 WL 2947461, *1 (S.D. Cal. 2007) (dismissing complaint for lack of venue at the *in forma pauperis* stage); *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district, shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.").

---

[3] Although venue does not depend on a plaintiff's residence, Plaintiff is currently incarcerated in the Eastern District of California.

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **February 19, 2009**, Plaintiff shall show cause, if there be any, why this Court should not deny Plaintiff's request to proceed without prepayment of fees.

*Plaintiff is also advised that if he fails to timely respond to this order to show cause, the Court will recommend denial of Plaintiff's request to proceed without prepayment of fees.*

DATED:  January 26, 2009

ALICIA G. ROSENBERG
United States Magistrate Judge

4